[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-11754
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 3, 2012
JOHN LEY
CLERK

D.C. Docket No. 1:10-cr-00204-WSD-ECS-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BRANDON RICHARD DELANCY,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(July 3, 2012)

Before TJOFLAT, EDMONDSON and ANDERSON, Circuit Judges.

PER CURIAM:

Brandon Richard Delancy appeals his 36-month sentence on one of his two counts of conviction, which varied downward from his applicable guideline range. Delancy pled guilty to one count of access device fraud, in violation of 18 U.S.C. § 1029(a)(5). Delancy also pled guilty to one count of aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1), and the district court sentenced him to the mandatory 24 months' imprisonment on that count, to run consecutively to the sentence he now appeals. Delancy does not appeal the sentence on the § 1028A offense. On appeal, Delancy argues that the district court's failure to adequately account for Delancy's greater likelihood to be victimized while in prison made his sentence for the § 1029 offense substantively unreasonable.

We review the reasonableness of a sentence, regardless of whether the sentence imposed is inside or outside the Guidelines range, under a deferential abuse of discretion standard of review. *Gall v. United States*, 552 U.S. 38, 51, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007). We reverse only if "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (*en banc*), *cert. denied*, 131 S.Ct. 1813 (2011). Objections to a sentence raised for the first time on appeal are reviewed

for plain error. *United States v. Bennett*, 472 F.3d 825, 831 (11th Cir. 2006). The burden of establishing that a sentence is unreasonable lies with the party challenging the sentence. *United States v. Pugh*, 515 F.3d 1179, 1189 (11th Cir. 2008).

Procedural reasonableness includes whether the district court properly calculated the guideline range, treated the Guidelines as advisory, considered the § 3553(a) factors, did not select a sentence based upon clearly erroneous facts, and adequately explained the chosen sentence. *Gall*, 552 U.S. at 51, 128 S.Ct. at 597. Once we determine that a sentence is procedurally sound, we examine whether the sentence was substantively reasonable in light of the totality of the circumstances and the § 3553(a) factors. *Id*.

A sentence may be substantively unreasonable where a district court "unjustifiably relied on any one § 3553(a) factor, failed to consider pertinent § 3553(a) factors, selected the sentence arbitrarily, or based the sentence on impermissible factors." *United States v. Sarras*, 575 F.3d 1191, 1219 (11th Cir. 2009). However, "[t]he weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court." *United States v. Williams*, 526 F.3d 1312, 1322 (11th Cir. 2008). A sentence imposed well below the statutory maximum penalty is an indicator of a reasonable sentence. *United*

3

*States v. Gonzales*, 550 F.3d 1319, 1324 (11th Cir. 2008).

The Sentencing Guidelines state:

> Physical condition or appearance, including physique, may be relevant in determining whether a departure is warranted, if the condition or appearance, individually or in combination with other offender characteristics, is present to an unusual degree and distinguishes the case from the typical cases covered by the guidelines.

U.S.S.G. § 5H1.4. *Cf. Koon v. United States*, 518 U.S. 81, 111-12, 116 S.Ct. 2035, 2053, 135 L.Ed.2d 392 (1996) (holding that the district court did not abuse its discretion by downwardly departing from the defendants' guideline ranges in part because of their susceptibility to abuse in prison).

Although Delancy argues that his 36-month sentence on the § 1029 count was substantively unreasonable, his arguments regarding the applicability of U.S.S.G. § 5H1.4 suggest that he also challenges the procedural reasonableness of that sentence. However, in this case, Delancy's 36-month sentence was procedurally reasonable. The district court properly calculated Delancy's guideline range, treated the Guidelines as advisory, based the sentence on undisputed facts set forth in the PSI, and adequately explained the chosen sentence. Moreover, the record indicates that the court expressly considered the § 3553(a) factors in determining Delancy's sentence. Finally, the district court

took into account Delancy's argument about potential mitigating factors, including his age, medical conditions, and vulnerability to abuse while in prison, in arriving at a sentence of 36 months for the § 1029 count .

The district court's failure to depart downward from Delancy's guideline range, pursuant to U.S.S.G. § 5H1.4, did not result in a procedurally unreasonable sentence. The district court did not rule as a matter of law that it lacked the discretion to depart downward on this basis. Delancy never moved for a downward departure and specifically stated that he did not object to the court's guideline calculations. *See generally United States v. Dudley*, 463 F.3d 1221, 1228 (11th Cir. 2006) (explaining that a refusal to depart is unreviewable unless the court incorrectly believed that it lacked authority to depart). Additionally, although the court did not address a downward departure, the court did vary downward 21 months from the bottom of Delancy's guideline range. As a result, Delancy has not demonstrated that his sentence was procedurally unreasonable.

Delancy's 36-month sentence for Count 13 was also substantively reasonable. His sentence was appropriate to promote respect for the law, provide just punishment, provide adequate deterrence, and protect the public from further crimes. *See* 18 U.S.C. § 3553(a)(2)(A)-(C). Moreover, his sentence was significantly below his guideline range. Delancy's sentence also reflected the

5

nature and circumstances of the offense and his criminal history, background, and personal characteristics. *See* 18 U.S.C. § 3553(a)(1).

Although Delancy argues that the district court refused to consider his arguments regarding his vulnerability to abuse in prison and wrongly dismissed his expert's testimony regarding those issues, the record shows that the district court actively questioned Delancy's expert regarding his opinion, took into account Delancy's vulnerability in prison in determining his below-guideline sentence, and included in the judgment and commitment order recommendations that the Bureau of Prisons evaluate Delancy's physical condition and medical needs in determining the appropriate designation for service of his sentence. The fact that the district court chose to give more weight to other factors, including Delancy's age, medical condition, and the need for Delancy's sentence to be consistent with sentences for similar offenses, does not mean that the court abused its discretion in sentencing Delancy. *See Williams*, 526 F.3d at 1322.

**AFFIRMED.**